IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **PETCO ANIMAL SUPPLIES STORES, INC.,** | ) ) ) | |
| Plaintiff, | ) ) | 8:14CV280 |
| V. | ) ) | |
| **THE FIVE FIFTY TWO CORPORATION, a Nebraska corporation,** | ) ) ) ) | ORDER |
| Defendant. | ) ) | |

This matter is before the Court on Defendant's Motion to Allow Issuance of Subpoenas (filing 42). The motion will be granted.

## BACKGROUND

On or about August 21, 1997, Plaintiff and Defendant entered into a commercial lease, with Defendant as the landlord and Plaintiff as the tenant. The lease required Plaintiff to maintain the leased premises. On or about January 29, 2014, Defendant sent Plaintiff a letter identifying four maintenance issues which allegedly caused Plaintiff to default under the lease. The letter stated that the lease would be terminated if the maintenance issues were not cured within thirty days. According to Defendant, Plaintiff did not respond to the letter and, as a result, Defendant sent Plaintiff a second letter on April 4, 2014, terminating the lease.

Plaintiff filed suit on September 17, 2014, seeking a declaratory judgment that it is not in default of the lease for failure to properly maintain and repair the leased premises. Plaintiff asserts that it is not in default because it commenced efforts to cure the maintenance items within thirty days, and thereafter worked diligently to complete any necessary work. W.D.S. Construction, Inc. ("WDS") was the contractor that Plaintiff hired to perform the repair work. Excel Engineering, Inc. ("Excel") was hired by WDS to provide engineering services to WDS concerning the leased premises.

On December 16, 2014, Plaintiff filed an objection (filing 37) to Defendant's Subpoenas Duces Tecum and Subpoenas to Testify at a Deposition (the "Subpoenas") to WDS and Excel. Consequently, Defendant filed the instant motion to allow issuance of the subpoenas.

## DISCUSSION

Plaintiff argues that the documents sought by Defendant were prepared during the course of an attorney-led investigation and, therefore, are protected work product.[1] According to Plaintiff, when it became apparent that Defendant intended to terminate the lease, Defendant retained counsel on April 25, 2014, in anticipation of litigation. Thereafter, counsel ordered the retention of WDS for purposes of analyzing and preparing Plaintiff's case. Plaintiff also claims that Defendant is precluded from deposing WDS and Excel representatives because WDS and Excel were retained as consulting experts for this litigation.

The work product doctrine shields from disclosure documents and other tangible things that are prepared in anticipation of litigation by or for another party or its representative, including the party's attorneys, consultants, insurers and agents. Fed. R. Civ. P. 26. A document is considered to have been prepared in anticipation of litigation if, "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir. 1987) (quotation and citation omitted). Materials prepared in the ordinary course of business are not protected work product. *Id*. The burden to establish the applicability of the work product privilege is on the party asserting the privilege. *Thiele Dairy, LLC v. Earthsoils, Inc*., No. 4:08CV3015, 2008 WL 1995306, *1 (D. Neb. May 6, 2008).

---

[1] Plaintiff initially objected to Defendant's subpoenas on the basis of the attorney-client privilege, work product doctrine, and self-critical analysis privilege. Plaintiff has apparently conceded that the attorney-client and self-critical analysis privileges do not preclude the requested discovery. Plaintiff did not mention these privileges in its briefing on this matter. Therefore, the applicability of these privileges will not be addressed herein.

Plaintiff has not met its burden to show that the work product doctrine is applicable to the requested discovery.  Other than self-serving affidavits from Plaintiff's representative and attorney, Plaintiff has not submitted any evidence demonstrating that WDS and Excel were retained in anticipation of litigation.  To the contrary, the evidence of record indicates that WDS and Excel were not retained to advise Plaintiff's attorney in preparation of this lawsuit, but rather were hired to repair the leased premises.  Moreover, there is no evidence which suggests that WDS and Excel are consulting experts.  Given that the primary issue in this case is whether Plaintiff complied with the lease by properly maintaining the leased premises, and the role WDS and Excel played in remedying the alleged defects, it appears that WDS and Excel are actually fact witnesses in this case.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Allow Issuance of Subpoenas (filing 42) is granted.

**DATED February 25, 2015.**

BY THE COURT:

S/ F.A. Gossett
**United States Magistrate Judge**